IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>

ABDOU-MALIK YACOUBOU ADAM         *
                                  *
                                  *
          v.                      *   Case No.: 1:09-cv-2387
                                  *
                                  *
WELLS FARGO BANK, N.A.            *
                                  *
                                  *
                               *****

MEMORANDUM

Abdou-Malik Yacoubou Adam ("Plaintiff") commenced the instant action *pro se* on July 28, 2009 in the Circuit Court for Baltimore City against Wells Fargo Bank, N.A. ("Defendant") for injuries stemming from a disputed loan modification agreement which Defendant allegedly failed to honor. Defendant removed the case to this Court on September 10, 2009 under federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Now pending before the Court is Defendant's Motion to Dismiss Counts II and V of Plaintiff's Complaint under Rule 12(b)(6), or in the alternative a Motion for a More Definite Statement under Rule 12(e) For the following reasons, I will grant Defendant's motion to dismiss Count II and deny the motion with respect to Count V.[1]

**I. Background**

The instant case arises out of a mortgage on a residential property located at 3805 Mayberry Avenue, Baltimore, Maryland. Plaintiff is the owner of the property; Defendant is the servicing agent with respect to the mortgage loan. (Pl.'s Complaint at 1-2.) On October 1, 2008,

---

[1] Plaintiff has filed various miscellaneous motions, all of which I am denying.

Defendant notified Plaintiff that it intended to initiate foreclosure proceedings on his property. (*Id*. at 2.)

Plaintiff does not dispute that he fell into arrears on his mortgage payments, but claims that Defendant caused his default. (*Id*.) According to Plaintiff, the dispute over his mortgage payments began shortly after Defendant acquired his mortgage in November 2007. (*Id*.) Under the initial mortgage contract, Plaintiff was required to pay $1652.00 per month. (*Id.* at 5.) However, in June 2008, Defendant began to charge $1675.42 per month after receiving updated tax information on the property. (*Id.*) Plaintiff disputed the validity of this increase, and for two months refused to make his monthly payments. (*Id.*) However, on September 10, 2008, Plaintiff made a payment in the amount of $3,305.00, which would have brought his arrears current under the original monthly rate of $1652.00. (*Id.*) While this is not the last payment Plaintiff attempted to make on his mortgage, this is the last payment Defendant accepted.

Shortly after accepting that payment, Defendant provided Plaintiff with a notice of foreclosure, erroneously claiming that the last payment received was on July 1, 2008. Plaintiff attempted to make another payment on October 14, 2008 in the amount of $1652.00; however, Defendant rejected the payment because it was $22.42 short of the required monthly payment. (*Id*.)

Plaintiff and Defendant apparently reached an agreement for a loan modification on November 10, 2008. The modification reduced Plaintiff's monthly payments to $1357.74 beginning January 1, 2009. (*Id.*) In January, Plaintiff remitted payment in this amount to Defendant; however, Defendant returned the check on January 19, 2009. (*Id.*) When Plaintiff contacted Defendant for an explanation as to why his payment had been rejected, he was informed that the original modification agreement was "null and void" and that he was required

2

to sign another contract. (*Id*. 3.) Plaintiff refused to sign another agreement, believing that the November 2008 loan modification governed his mortgage.

On February 13, 2009, Defendant again rejected a payment from Plaintiff for $2,715.48, an amount equaling two months' payment under the terms of the November 2008 loan modification. (*Id.* at 6.) At approximately this time, Plaintiff alleges that he began to receive regular "harassing" phone calls from Defendant threatening foreclosure. (*Id.* at 3.)

Plaintiff claims that he has attempted to remain in compliance with the November 2008 loan modification agreement. According to Plaintiff, Defendant's unjustified refusal to honor this agreement and accept Plaintiff's payments has precipitated the instant controversy.

## II. Standard of Review[2]

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it demands more than an unadorned accusation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading that offers no more than "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* To overcome a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id*. at 570. Therefore, the facts pled must permit the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted). When ruling on such a motion, the

---

[2] I am mindful that Abdou-Malik Yacoubou Adam is a pro se litigant and therefore I will liberally construe his complaint. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364 (1982); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

court must "accept the well-pled allegations of the complaint as true," and "construe facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, the court is not required to accept unsupported legal allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor can a plaintiff avoid a motion to dismiss where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). In evaluating a motion to dismiss, this court may consider the complaint and "documents attached to the complaint." *Sec. of State for Defense v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007). The court may also consider a document the defendant has attached to its motion to dismiss as long as it is integral to the complaint and authentic. *Id*.

### III. Analysis

Plaintiff asserts five counts in his complaint: I) breach of contract; II) discrimination on the basis of race, religion, or national origin; III) libel and slander; IV) negligence; and V) strict liability for malicious conduct. Defendant has moved pursuant to 12(b)(6) to dismiss Counts II and V, or in the alternative under 12(e) for a more definite statement with respect to those Counts. For the reasons that follow, I will grant Defendant's motion to dismiss with respect to Count II, but deny it with respect to Count V.

#### a. Count II - Discrimination

In Count II, Plaintiff asserts a claim for discrimination. Plaintiff, an African-American Muslim, alleges that "race, national origin, and religion are the cause for the loan denial." (Pl.'s Complaint at 6.) Plaintiff does not specify a legal basis for his claims; however, I will construe the claim as having been brought under the Fair Housing Act (the "FHA") 42 U.S.C. §§ 3601 *et*

4

*seq* and 42 U.S.C. § 1981. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (noting that a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case).

Plaintiff has pled insufficient facts to raise a plausible claim under the FHA or § 1981. The FHA targets discrimination in mortgage lending; the statute prohibits a lender from refusing to make a loan or from imposing different terms or conditions on a loan because of a customer's membership in a protected class. *See* 42 U.S.C. § 3605. Section 1981 prohibits discriminatory interference with an individual's right to make and enforce contracts. Claims of discrimination under the FHA and § 1981 are analyzed under the *McDonnell Douglas* burden-shifting framework. *See Boykin v. Keycorp*, 521 F.3d 202, 212 (2d Cir.2008) (citing *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir.2003) (applying *McDonnell Douglas* to FHA claims)); *see also Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004) (noting that the *McDonnell Douglas* framework applies to § 1981 claims). To state a legally cognizable claim of discrimination in lending practices, a plaintiff must allege (1) that plaintiff is a member of a protected class who sought a loan for property; (2) that plaintiff qualified for a loan; (3) that a bank denied plaintiff's application; and (4) that other similarly situated applicants who were not in the protected classes received loans or were treated more favorably. *See Boykin* at 214-15.

Plaintiff's discrimination claim fails as a matter of law because he has pled insufficient facts to permit a plausible conclusion that discrimination was a factor in the instant case. He has not alleged any facts to indicate that other similarly situated customers received more favorable treatment. Even after considering the factual allegations raised in Plaintiff's response, Plaintiff has merely made an unadorned accusation that race, religion, or national origin motivated Defendant's actions. *Rush v. Am. Home Mortgage, Inc., No.* WMN-07-CV-0854, 2009 WL

5

4728971, slip op. at 3 (D. Md. 2009) (concluding that the court can consider additional facts alleged in a pro se litigant's response brief due to the court's obligation to construe liberally a pro se Complaint). While I am required to liberally construed Plaintiff's pro se complaint, I cannot construct the plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). The leeway extended to a pro se Plaintiff must be tempered to require the plaintiff to comply with the Federal Rules of Civil procedure, including the pleading requirements of Rule 8. *Childress v. Pettiford*, 2010 WL 1254938 (D.S.C. 2010). Therefore, Plaintiff's unsupported, conclusory allegation of discrimination cannot survive Defendant's motion to dismiss. *See Twombly*, 550 U.S. at 555 (2007).

### b. Count V - Strict Liability for Malicious Conduct

Plaintiff has not specified a legal basis for his strict liability claim. However, because the allegation can be read to state a plausible claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, Defendant's motion to dismiss is denied with respect to Count V.

Defendants correctly note that Plaintiff's allegation does not fall under a cognizable common law tort cause of action. In Maryland, strict liability torts are generally limited to cases of abnormally dangerous activities, *see, e.g.*, *Gallagher v. H.V. Pierhomes, LLC,* 957 A.2d 628 (Md. Ct. Spec. App. 2008); abnormally dangerous animals, *see, e.g.*, *Matthews v. Amberwood Associates Ltd. Partnership, Inc.*, 719 A.2d 119 (Md. 1998); and products liability, *see, e.g.*, *Blackwell v. Wyeth*, 971 A.2d 235 (Md. 2009). Plaintiff's allegations fall far from these causes of action.

However, Plaintiff's strict liability claim that Defendant harassed Plaintiff and acted with a "malicious, vicious, mischievous disposition" states a plausible claim under the FDCPA. First, the FDCPA is a strict liability statute. *See Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002,

1005 (9th Cir. 2008); *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F.Supp.2d 492 (D. Md. 2004).[3] Second, the FDCPA prohibits the conduct Plaintiff has alleged. Under the statute, debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *see also* 15 U.S.C. § 1692(e). More specifically, section 1692(d)(5) prohibits debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Plaintiff specifically alleges facts to show that Defendant engaged in such harassment. (*See, e.g.*, Pl.'s Complaint at 3 (Defendant "started harassing the Plaintiff with dozens of recorded phone calls every week and foreclosure again").) Because Count V can be fairly read to state a claim under the FDCPA and Plaintiff has pled sufficient facts to state a plausible basis for relief, Defendant's motion to dismiss count V is denied.

### IV. Conclusion

For the forgoing reasons, Defendant's motion to dismiss is granted with respect to Count II and denied with respect to Count V. Because Plaintiff's allegations in Count V fall squarely within the provisions of the FDCPA, Defendant's motion in the alternative for a more definite statement with respect to Count V is denied. A separate order to that effect is being entered herewith.

DATE: 7/28/2010 \_\_\_/s/_____
                                                J. Frederick Motz
                                                United States District Judge

---

[3] In addition, the FDCPA explicitly provides for civil liability. *See* 15 U.S.C. § 1692(k) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . .").