IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ABDOU-MALIK YACOUBOU ADAM,<br>*Plaintiff*,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>*Defendant*. | Civil Action No. ELH-09-2387<br><br>*(No. 11-1982 in the United States Court of Appeals for the Fourth Circuit)* |

**MEMORANDUM OPINION**

This Memorandum Opinion addresses two motions that are now pending before the Court: plaintiff's "Motion to Inform the Court about Harassments [sic] from Wells Fargo" ("Motion to Inform") (ECF 58), and plaintiff's motion for leave to appeal *in forma pauperis* ("IFP Motion") (ECF 68).[1]

**Background**

The factual and procedural history of the case is presented in my Memorandum Opinion dated August 26, 2011 (ECF 60), and will not be reiterated here. Suffice it to say, plaintiff, who is self-represented, has sued his mortgage servicer, Wells Fargo Bank, N.A., raising a variety of contract, tort, and statutory claims. In my Memorandum Opinion and the accompanying Order (ECF 61) (collectively, "Partial Summary Judgment Ruling"), I denied the motion for summary judgment filed by plaintiff, and granted in part and denied in part the motion for summary judgment filed by defendant. This left two counts remaining to be resolved in further proceedings: a breach of contract count, and a count asserting defamation and/or violation of the

---

[1] A motion for leave to appeal "*in forma pauperis*" is a motion for leave to appeal without paying the filing fee, due to financial hardship.

Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*

Plaintiff filed his Motion to Inform prior to the issuance of the Partial Summary Judgment Ruling; however, the Motion to Inform was not yet ripe for decision when the Partial Summary Judgment Ruling was entered. After entry of the Partial Summary Judgment Ruling, defendant filed a timely Response (ECF 62) in opposition to the Motion to Inform, to which plaintiff did not reply. Before the time elapsed for plaintiff to reply to defendant's Response, *see* Local Rule 105.2(a); Fed. R. Civ. P. 6(d), plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit (ECF 63), seeking to appeal from the Partial Summary Judgment Ruling. The appeal, now pending in the Fourth Circuit, was assigned case number 11-1982. Subsequently, plaintiff filed his IFP Motion.

## IFP Motion

Under Rule 24 of the Federal Rules of Appellate Procedure ("FRAP"), a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court, accompanied by an affidavit addressing three matters. The affidavit must:

> (A) show[] in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> 
> (B) claim[] an entitlement to redress; and
> 
> (C) state[] the issues that the party intends to present on appeal.

FRAP 24(a)(1). Plaintiff's IFP Motion is accompanied by an affidavit in the form required by the rule.[2]

---

[2] Plaintiff's affidavit fails to comply with FRAP 24(a)(1)(C), in that he has left blank the portion of the form designated for the appellant to specify the "issues on appeal." Because I resolve plaintiff's IFP Motion on other grounds, I need not consider the effect of this deficiency.

- 2 -

A district court's determination whether to grant leave to appeal *in forma pauperis* is governed by 28 U.S.C. § 1915. Section 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." For purposes of § 1915(a)(3), "'[i]n the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous.'" *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980) (quoting *Ellis v. United States*, 356 U.S. 674, 674 (1958)). In certifying that the appeal is not taken in good faith, a district court must determine "not merely that the appeal lacks merit, but that the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant." *Liles v. S.C. Dept. of Corrections*, 414 F.2d 612, 614 n.1 (4th Cir. 1969) (citing *Ellis* and *Coppedge v. United States*, 369 U.S. 438 (1962)). In *Coppedge*, the Supreme Court made clear that "good faith" under § 1915(a)(3) "must be judged by an objective standard." *Coppedge*, 369 U.S. at 445. It does not mean good faith or sincerity from the appellant's "subjective point of view." *Id.* at 444.[3] Rather, a litigant's good faith is "demonstrated when he seeks appellate review of any issue not frivolous." *Id.*

I assume, solely for the sake of argument, that plaintiff's affidavit establishes that he is, in fact, unable to afford to pay the filing fee.[4] Nevertheless, I must deny plaintiff's IFP motion, because there is no good faith basis for plaintiff's appeal.

---

[3] The Supreme Court noted that other express authority exists for dismissal of an appeal that is prosecuted in subjective bad faith. *See Coppedge*, 369 U.S. at 445 & n.8 (citing, *inter alia*, then-28 U.S.C. § 1915(d), now codified in § 1915(e), permitting dismissal of a "frivolous or malicious" case or appeal).

[4] It is by no means clear that plaintiff actually qualifies financially to proceed *in forma pauperis*. Among other things, plaintiff's affidavit submitted with the IFP Motion claims a total average monthly income of $3,010 (a modest but not poverty-level amount), and indicates that plaintiff owns a 2006 Mercedes R350, on which he claims monthly loan payments of $712.60.

The United States Court of Appeals for the Fourth Circuit has explained that "it is elementary that a court of appeals may, as a general proposition, only consider appeals arising from final judgments of the district courts." *United States v. Juvenile Male*, 554 F.3d 456, 463 (4th Cir. 2009). This principle is codified in 28 U.S.C. § 1291, which grants the appellate courts "jurisdiction of appeals from all final decisions of the district courts." A "final" decision "is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *United States v. Jefferson*, 546 F.3d 300, 309 (4th Cir. 2008) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988)).

A court's non-final decisions, also known as "interlocutory" decisions, ordinarily are not immediately appealable. Under 28 U.S.C. § 1292, the appellate courts have jurisdiction to consider appeals from certain enumerated types of interlocutory orders, but the Partial Summary Judgment Ruling does not fall into any of those specific categories. Moreover, the "collateral order doctrine" authorizes appeals from some other types of interlocutory orders, but the Partial Summary Judgment Ruling is not subject to the collateral order doctrine, because it did not resolve "an important question *independent of the subject matter of the litigation*." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 541 (4th Cir. 2004) (emphasis added). Rather, it resolved issues (but only *some* of the issues) that are at the core of the subject matter of this case.

The Fourth Circuit has made clear that "an order of partial summary judgment is interlocutory in nature." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). "This is because a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Id.* at 514-15. Because the Partial Summary Judgment

Ruling is neither a final judgment nor an appealable interlocutory order, plaintiff cannot take an immediate appeal from it. Accordingly, it appears inevitable that the Fourth Circuit will dismiss plaintiff's appeal, because the Court of Appeals has no jurisdiction to consider an appeal from a non-final, interlocutory decision.

In other words, plaintiff's appeal is one that "would be dismissed in the case of a nonindigent litigant," *Liles, supra,* 414 F.2d at 614 n.1, and thus is frivolous. It follows that, under 28 U.S.C. § 1915(a)(3), I must certify that there is no good faith basis for the appeal, and deny plaintiff's IFP Motion.

In so ruling, I express no view as to the merits of a possible appeal by plaintiff at a later point. In my Partial Summary Judgment Ruling, I considered the arguments of both parties at length, and I am not prepared to say that the substantive position of either party was necessarily frivolous. My determination that plaintiff's present appeal is frivolous, and therefore not taken in good faith, rests entirely on the ground that plaintiff's appeal from the Partial Summary Judgment Ruling is premature; the Partial Summary Judgment Ruling is an interlocutory ruling that is not immediately appealable. Plaintiff presumably will be able to appeal a later, final judgment entered by the Court if he is unsatisfied with the Court's ultimate ruling. And, if he satisfies the applicable standard and cannot afford the filing fee at that time, he will be able to do so *in forma pauperis*.

If plaintiff disagrees with my denial of his IFP Motion, he may ask the United States Court of Appeals for the Fourth Circuit to reconsider whether he may proceed *in forma pauperis*. The procedure to do so is prescribed by FRAP 24(a)(5), which states:

> A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice [of the district court's denial of

*in forma pauperis* status] prescribed in Rule 24(a)(4).[5] The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

### Motion to Inform

In his Motion to Inform, plaintiff alleged that agents of defendants were harassing him with daily telephone calls and "threatening and deceptive" letters, in violation of the provisions of the Telecommunications Act, 47 U.S.C. § 223 (prohibiting "obscene or harassing telephone calls" in interstate commerce). *See* Motion to Inform at 1, 304. Further, plaintiff asked the Court to take "appropriate remedies" to sanction defendant's conduct. *Id.* at 5. In its Response, defendant challenged plaintiff's assertions of fact and law, and also stated that, "[i]n any event," defendant "instructed its collection units to discontinue attempts to contact the Plaintiff at this time." Response ¶ 3. Accordingly, defendant asserted that, "to the extent Plaintiff was seeking to have this Court take action to stop such activities, it is not necessary for the Court to intervene, and the 'Motion' is effectively moot." *Id.*

Defendant's Response was filed on August 29, 2011. Pursuant to Local Rule 105.2(a) (allotting 14 days to reply after service of a response to a motion) and Rule 6(d) of the Federal Rules of Civil Procedure (adding 3 days to any deadline calculated from service of a document, when the document is served electronically, by mail, or by other specified methods), plaintiff's

---

[5] This Memorandum Opinion and its accompanying Order will constitute the notice contemplated by FRAP 24(a)(4). Thus, by operation of FRAP 24(a)(5) and Rule 6(d) of the Federal Rules of Civil Procedure (which adds three days to any deadline that is based on the date of service of a document, if the document is served by mail), plaintiff's motion under FRAP 24(a)(5), if any, must be filed in the United States Court of Appeals for the Fourth Circuit within 33 days after the date that the Clerk mails to plaintiff a copy of this Memorandum Opinion and the accompanying Order.

reply, if any, was due seventeen days later, on September 15, 2011. Before that date arrived, however, on September 12, 2011, plaintiff filed his Notice of Appeal.

"As a general rule, the filing of an appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263 (2011). One could argue, therefore, that this Court lacks jurisdiction to rule on plaintiff's Motion to Inform at this time. In my view, however, a ruling on the Motion to Inform is within the jurisdiction of this Court, for a number of reasons.

First, the Motion to Inform does not appear to concern "aspects of the case involved in the appeal." *Levin*, 634 F.3d at 263. Rather, it concerns allegedly inappropriate conduct of defendant's agents during the course of the litigation, and invokes statutory provisions that are not the subject of the causes of action in plaintiff's Complaint.

Second, as discussed above with reference to the IFP Motion, the Court of Appeals lacks jurisdiction to consider an appeal from a non-final interlocutory decision, absent certain exceptions that do not pertain here. A substantial body of precedent indicates that a notice of appeal does not divest a district court of jurisdiction when the appeal is taken from a non-appealable order or is otherwise patently frivolous. *See generally* George C. Pratt, 20 MOORE'S FEDERAL PRACTICE § 303.32[2][b][iv], at 303-80.1 to -83 (3d ed. 2011) (citing cases). Because, as I discuss above, the Partial Summary Judgment Ruling is not appealable, it follows that plaintiff's Notice of Appeal has no jurisdictional effect.

Accordingly, I conclude that I have jurisdiction to resolve the Motion to Inform. Because plaintiff has not contradicted defendant's assertion that it has directed its agents to cease

contacting plaintiff, I agree with defendant that the Motion to Inform is moot. Therefore, I will deny it. *See, e.g., Peamon v. A & R Dev. Corp.*, Civ. No. WMN-06-2974, 2008 WL 4580022, at *2 (D. Md. Feb. 7, 2008) (denying motion to compel discovery responses where non-moving party averred that it had filed responses, and movant did not file a reply contesting non-moving party's assertion).

Notably, even if I lack jurisdiction to rule on the merits of the Motion to Inform, the result would be the same, as a practical matter. If the Court lacks jurisdiction, I would be unable to resolve the motion until after the conclusion of the appeal. In that event, I would administratively terminate the motion, and permit plaintiff to file a renewed motion upon the conclusion of the appeal, if defendant's alleged harassment continued, because by that point the facts alleged in the Motion to Inform and the Response would almost certainly be stale.

Although I will deny the motion as moot, I will do so without prejudice. If, after the appeal is concluded, plaintiff maintains that defendant continues to "harass" him, he may file another motion addressing the same issues, and I will consider its merits at that juncture.

### Conclusion

For the foregoing reasons, plaintiff's IFP Motion (ECF 68) will be denied, and plaintiff's Motion to Inform (ECF 58) will also be denied. An Order implementing these rulings follows.

Date: September 30, 2011                          /s/
                                                  Ellen Lipton Hollander
                                                  United States District Judge